# EXHIBIT 3

**2017-01157 / Court: 133**

1/6/2017 4:09:45 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14613594
By: Wanda Chambers
Filed: 1/6/2017 4:09:45 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MARIA PALACIOS AND HIDALIA PALACIOS, INDIVIDUALLY AND AS NEXT FRIEND OF P.M., N.M., AND G.M. MINOR CHILDREN | § § § § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| HOFER AG LOGISTICS, LLC AND MARK G. HALBERT III | § § § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURE, INTERROGATORIES, AND REQUEST FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARIA PALACIOS and HIDALIA PALACIOS, INDIVIDUALLY AND AS NEXT FRIEND OF P.M., N.M. AND G.M., MINOR CHILDREN, Plaintiffs, complaining of HOFER AG LOGISTICS, LLC ("HOFER") and MARK G. HALBERT III, Defendants, and files this First Amended Petition and for cause of action would respectfully show the Court the following:

### I.
### DISCOVERY LEVEL

1.1   Plaintiffs intend to conduct discovery in this matter under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.1 Plaintiff, MARIA PALACIOS, is a resident of Harris County, Texas.

2.2 Plaintiff, HIDALIA PALACIOS, INDIVIDUALLY AND AS NEXT FRIEND OF P.M., N.M. AND G.M., MINOR CHILDREN is a resident of Harris County, Texas

2.3 Defendant MARK G. HALBERT III is an individual nonresident of Texas. Defendant MARK G. HALBERT III may be served with process herein pursuant to § 17.062 of the Texas Civil

Case 4:17-cv-00656 Document 1-4 Filed on 03/01/17 in TXSD Page 3 of 9

Page:5 of 36 - Date:2/7/2017 Time:10:26:49 AM CST - CSID:NextivaFax -Transmission Time:982 Seconds
02/7/2017 08:10 PST TO:18008331851 FROM:6054124203 Page: 5

Practice & Remedies Code. That statute provides that the chairman of the Texas Transportation Commission is an agent for service of process on a person who is a nonresident or an agent of a nonresident in any suit against the person or agent that grows out of a collision or accident in which the person or his agent is involved while operating a motor vehicle in this state. A citation is requested at this time.

2.4 Process may be served on Defendant MARK G. HALBERT III by serving a certified copy of the process on the chairman not later than the 20th day prior to the date of return stated in the process. Immediately after being served, the chairman by properly addressed letter shall mail to MARK G. HALBERT III:

    a.     a copy of the process; and

    b.     notice that the process has been served on the chairman.

The notice and copy of the process must be sent to MARK G. HALBERT III by registered mail, or by certified mail, return receipt requested, with the postage prepaid to the following address:

    MARK G. HALBERT III
    24 E. MAIN STREET
    EDEN, WY 82932

2.5 Defendant, HOFER AG LOGISTICS, LLC, is a foreign for-profit business entity incorporated under the laws of the State of South Dakota and is a nonresident of the State of Texas. HOFER AG LOGISTICS, LLC's home office address is 21295 396th Avenue, Huron, South Dakota 57350. At all relevant times herein, HOFER AG LOGISTICS, LLC has been "doing business" in the State of Texas as that phrase is understood under Texas law including but not Limited TEX. CIV. PRAC. & REM. CODE § 17.042 (Vernon 1995) which is incorporated herein by reference. The Secretary of State for the State of Texas is the agent for service of process for HOFER AG LOGISTICS, LLC pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044 (Vernon 1996) which is incorporated herein by reference.

Plaintiff's Original Petition with Discovery      2

2.6 Request is hereby made that the clerk of the court issue citation in duplicate to "Hofer AG Logistics, LLC C/O the Secretary of State for the State of Texas at Statutory Documents, Citations Unit P.O. Box 12079, Austin, Texas 78711-2079" and serve the Secretary of State for the State of Texas by certified mail, return receipt requested pursuant to TEX. CIV. PRAC. & REM. CODE § 17.026 (Vernon 1996) or by other lawful means.

2.7 Upon receipt of such process, the Secretary of State for the State of Texas is hereby requested to serve HOFER AG LOGISTICS, LLC pursuant to TEX. CIV. PRAC. & REM. CODE § 17.045(a) (Vernon 1996) by immediately mailing by registered or certified mail, return receipt requested the citation, the petition, and any and all discovery documents included with such process to HOFER AG LOGISTICS, LLC at its home office, to wit: Hofer AG Logistics, LLC, 21295 396th Avenue, Huron, South Dakota 57350.

## III.
## VENUE

3.1 Venue is proper and maintainable in Harris County, Texas, under the Texas Civil Practice and Remedies Code as the incident made the basis of this suit occurred in Harris County, Texas.

## IV.
## BACKGROUND FACTS

4.1 On or about March 24, 2016, Plaintiff HIDALIA PALACIOS, while lawfully operating a motor vehicle, was stopped behind a tractor-trailer being operated by Defendant MARK G. HALBERT III near the 2500 block of Airline Drive in Harris County, Texas. Plaintiff MARIA PALACIOS as well as P.M., N.M. and G.M., minor children were passengers in Plaintiff PALACIOS' vehicle. Suddenly and without warning, Defendant MARK G. HALBERT III reversed his tractor-trailer and collided with Plaintiffs' vehicle. The collision caused Plaintiffs to sustain serious personal injuries and damages set forth below. At all times relevant to this suit, Defendant MARK G.

Plaintiff's Original Petition with Discovery

3

HALBERT III was operating his vehicle within the course and scope of his employment with HOFER AG LOGISTICS, LLC.

4.2 Nothing Plaintiffs did, or failed to do, caused the occurrence in question. Rather, it was the negligence of the Defendant named herein which proximately caused the occurrence in question and Plaintiffs' resulting injuries and damages.

## V.
## CAUSE OF ACTION:
## NEGLIGENCE

5.1 Defendant MARK G. HALBERT III was negligent in one or more of the following particulars, each of which acts and/or omissions, individually or collectively, constitute negligence which proximately caused the collision and the resulting injuries and damages to Plaintiffs:

a. Failing to maintain a proper lookout;

b. Failing to make proper application of the brakes of his vehicle;

c. Failing to make timely application of the brakes of his vehicle;

d. Failing to turn the vehicle to avoid a collision;

e. Operating a vehicle at a rate of speed in excess of that which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;

f. Being inattentive and failing to maintain proper control of his vehicle;

g. Operating his vehicle in a reckless manner;

h. Reversing his vehicle when unsafe;

i. Failing to control his speed; and

j. Other violations of the Texas Transportation Code.

5.2 The negligence of Defendant MARK G. HALBERT III was a proximate cause of the collision and Plaintiffs' resulting injuries and damages.

Plaintiff's Original Petition, with Discovery                                                                                    4

Page:8 of 36 - Date:2/7/2017 Time:10:26:49 AM CST - CSID:NextivaFax -Transmission Time:982 Seconds
02/7/2017   08:10 PST      TO:18008331851   FROM:6054124203              Page: _ 8

## VI.
## CAUSE OF ACTION:
## NEGLIGENCE PER SE

6.1 Defendant MARK G. HALBERT III's acts and/or omissions also constitute negligence per se as that term is defined under Texas law. Specifically, MARK G. HALBERT III.'s acts and/or omissions violated the following statutory duties:

a. Duty to control speed as necessary to avoid colliding with another vehicle that is on the highway. Tex. Trans. Code. § 545.351;

b. Duty to not drive with willful or wanton disregard for the safety of persons or property. Tex. Trans. Code. § 545.401; and

c. Other violations of the Texas Transportation Code and Federal Motor Carrier Safety Regulations.

6.2 Plaintiffs MARIA PALACIOS and HIDALIA PALACIOS, INDIVIDUALLY AND AS NEXT FRIEND OF P.M., N.M. AND G.M., MINOR CHILDREN are within the class of persons meant to be protected by these statutes, specifically, travelers on the roadway. Defendant's violations of these statutes were the proximate cause of the collision and Plaintiffs' injuries and damages.

## VII
## NEGLIGENCE OF HOFER AG LOGISTICS, LLC

7.1   Defendant HOFER AG LOGISTICS, LLC is legally responsible to Plaintiffs for the negligent conduct of Defendant MARK G. HALBERT III under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because Defendant MARK G. HALBERT III was at all times material hereto an agent, ostensible agent, servant and/or employee of Defendant HOFER AG LOGISTICS, LLC and was acting within the course and scope of such agency or employment. As a result thereof, Defendant HOFER AG LOGISTICS, LLC, is liable for all negligence of Defendant MARK G. HALBERT III

Certified Document Number: 73335545 - Page 5 of 39

Plaintiff's Original Petition, with Discovery

Page:9 of 36 - Date:2/7/2017 Time:10:26:49 AM CST - CSID:NextivaFax -Transmission Time:982 Seconds
02/7/2017    08:10 PST    TO:18008331851    FROM:6054124203    Page: _ 9

7.2   Defendant HOFER AG LOGISTICS, LLC was also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct and supervise Defendant MARK G. HALBERT III Defendant HOFER AG LOGISTICS, LLC, failed to provide the proper training and instruction to Defendant MARK G. HALBERT III which would have provided him with the proper skills and knowledge to avoid the collision which forms the basis of this lawsuit. Defendant HOFER AG LOGISTICS, LLC'S negligent hiring of and failure to properly instruct and train its driver was a proximate cause of the accident and Plaintiffs' resulting injuries and damages.

## VIII.
## DAMAGES

8.1 The actions and conduct of the Defendants set forth above are the proximate cause of Plaintiffs' serious injuries.

8.2 As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff, MARIA PALACIOS suffered injuries and damages including the following:

1) Past and future physical pain and suffering;
2) Past and future mental anguish;
3) Past and future impairment;
4) Past and future medical expenses;
4) Past and future lost wages; and
5) Past and future lost earning capacity

8.3 As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff, HIDALIA PALACIOS suffered injuries and damages including the following:

1) Past and future physical pain and suffering;
2) Past and future mental anguish;
3) Past and future impairment;

4) Past and future medical expenses, including medical expenses for P.M., N.M., and G.M. minor children;

4) Past and future lost wages; and

5) Past and future lost earning capacity

8.4 As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiffs P.M., N.M. and G.M., minor children, suffered injuries and damages including the following:

1) Past and future physical pain and suffering;

2) Past and future mental anguish;

3) Past and future impairment;

4) Past and future medical expenses;

8.5 As discussed above, Plaintiffs have suffered not only easily quantifiable economic damages but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future. Plaintiffs are required by law to state the maximum amount of damages they are seeking, Plaintiffs believe that when the totality of their damages are considered, along with the wrongful nature of Defendants' conduct, it is possible that a fact finder would decide that Plaintiffs' damages exceed two hundred thousand dollars, but do not exceed one million dollars ($1,000,000). Plaintiffs therefore sues for a sum in excess of two hundred thousand dollars but not to exceed one million dollars to be determined by the fact finder in its sole discretion.

## IX.
## PRE AND POST JUDGMENT INTEREST

9.1 Plaintiffs will additionally show that they are entitled to recover pre and post-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiffs here and now sue for recovery of pre and post-judgment interest as provided by law and equity, under the applicable provision of the laws of the State of Texas.

Plaintiff's Original Petition with Discovery

7

Case 4:17-cv-00656 Document 1-4 Filed on 03/01/17 in TXSD Page 9 of 9

Page:11 of 36 - Date:2/7/2017 Time:10:26:49 AM CST - CSID:NextivaFax -Transmission Time:982 Seconds
02/7/2017   08:10 PST       TO:18008331851   FROM:6054124203                          Page: _ 11

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer and that, upon final trial hereof, Plaintiffs have judgment against Defendants, that they recover their damages in accordance with the evidence, that they recover costs of Court herein expended, that they recover interest, both pre- and post-judgment, to which they are entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which they may be justly entitled.

## REQUEST FOR DISCLOSURE TO ALL DEFENDANTS

All Defendants, pursuant to Rule 194 of the Texas Rules of Civil Procedure, are requested to disclose to Plaintiffs' attorneys, on or before fifty (50) days after service of this request, the information or material described in Rule 194.2(a) through (l).

Respectfully submitted,
**MUKERJI LAW FIRM**

/s/ *Sam K. Mukerji*
Sam K. Mukerji
State Bar No.: 24053377
Jonathan E. Bleyer
State Bar No.: 24089990
2405 Smith Street
Houston, TX 77006
Tel: (713) 222-1222
Fax: (713) 222-0555
litigation@mukerjilaw.com
ATTORNEYS FOR PLAINTIFF